**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT



| | |
|---|---|
| SCOTT TEUTSCHER, an individual, | No. 10-56827 |
| Plaintiff-counter-defendant - Appellant, | D.C. No. 5:06-cv-01208-RHW-OP |
| v. | MEMORANDUM[*] |
| RIVERSIDE SHERIFFS ASSOCIATION; RIVERSIDE SHERIFFS ASSOCIATION LEGAL DEFENSE TRUST; JAMES L. CUNNINGHAM, individually and as an Agent of the Riverside Sheriffs Association/Riverside Sheriffs Association Legal Defense Trust, | |
| Defendants-counter-claimants - Appellees, | |
| and | |
| TANYA CONRAD, individually and as an Agent of the Riverside Sheriffs Association, | |
| Defendant - Appellee. | |

Appeal from the United States District Court

---

       [*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

for the Central District of California
Robert H. Whaley, Senior District Judge, Presiding

Argued and Submitted April 10, 2012
Pasadena, California

Before: B. FLETCHER, KLEINFELD, and M. SMITH, Circuit Judges.

Plaintiff-Appellant Scott Teutscher (Teutscher) appeals from the district court's order granting summary judgment to the defendants. Because the parties are familiar with the factual and procedural history of this case, we repeat only those facts necessary to resolve the issues raised on appeal. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm in part and reverse in part.

We reverse the district court's grant of summary judgment on Teutscher's retaliation claim under the Employee Retirement Income Security Act (ERISA), 29 U.S.C. § 1001 *et seq.* To survive summary judgment at the pretext stage, a plaintiff "must produce sufficient evidence to raise a genuine issue of material fact as to whether the employer's proffered nondiscriminatory reason is merely a pretext for discrimination." *Dominguez-Curry v. Nev. Transp. Dep't*, 424 F.3d 1027, 1037 (9th Cir. 2005). "The plaintiff can prove pretext (1) indirectly, by showing that the employer's proffered explanation is unworthy of credence because it is internally inconsistent or otherwise not believable, or (2) directly, by showing that unlawful discrimination more likely motivated the employer." *Raad*

*v. Fairbanks N. Star Borough Sch. Dist.*, 323 F.3d 1185, 1194 (9th Cir. 2003) (internal quotation marks and citation omitted).  "All of the evidence—whether direct or indirect—is to be considered cumulatively."  *Id.*  The amount of evidence required to avoid summary judgment is "minimal."  *Nicholson v. Hyannis Air Serv., Inc.*, 580 F.3d 1116, 1127 (9th Cir. 2009).  "We have held that very little evidence is necessary to raise a genuine issue of fact regarding an employer's motive; any indication of discriminatory motive may suffice to raise a question that can only be resolved by a fact-finder."  *Id.* (citation omitted).

Here, Teutscher offers sufficient admissible evidence to raise a genuine issue of material fact as to pretext.  In particular, Teutscher's evidence that he was told by Pat McNamara (McNamara) and James Cunningham (Cunningham) that Tanya Conrad (Conrad) recanted her accusations about Teutscher's alleged misconduct is substantial evidence that Conrad's accusations were not the true reason for Teutscher's termination.  Although this evidence contains hearsay within hearsay, it is admissible under Federal Rules of Evidence 801(d)(2)(D) and 805.  *See* Fed. R. Evid. 801(d)(2)(D); Fed. R. Evid. 805; *Palmer v. Pioneer Inn Assocs., Ltd.*, 338 F.3d 981, 984-85 (9th Cir. 2003); *Lambert v. Ackerley*, 180 F.3d 997, 1008 & n.12 (9th Cir. 1999) (en banc).  Other evidence also suggests pretext, such as

3

Cunningham's statement to Teutscher that "[w]e question your loyalty to Pat [McNamara] in the Winchell case" and the timing of Teutscher's termination.

Because Teutscher raises a genuine issue of material fact as to pretext, we conclude that the district court erred in granting the defendants summary judgment on Teutscher's ERISA retaliation claim. For the same reason, we reverse the district court's grant of summary judgment on Teutscher's California state law claims other than for defamation.

The district court did not err in granting summary judgment to the defendants on Teutscher's defamation claim because Teutscher did not produce sufficient evidence to raise a genuine issue of fact as to malice. *See* Cal. Civ. Code § 47(c); *Noel v. River Hills Wilsons, Inc.*, 7 Cal. Rptr. 3d 216, 221-22 (Ct. App. 2003).

In light of our conclusions, we need not reach the remaining issues raised by the parties. For the foregoing reasons, we affirm in part and reverse in part. We deny Teutscher's request that the case on remand be assigned to a different district judge. *See United States v. Lyons*, 472 F.3d 1055, 1071 (9th Cir. 2007).

The case is hereby remanded to the district court for trial against RSA and Cunningham on Teutscher's ERISA retaliation claim and California state law claims other than for defamation. Each party shall bear its own costs.

4

**AFFIRMED IN PART, REVERSED IN PART, AND REMANDED.**